SWAN SWANSON *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—MAY 21, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Contributory Negligence.   Question for Jury.*

Plaintiff, a passenger, alighted from a south-bound car of defendant, and, passing across the south-bound track onto the north-bound track, was run over by a car upon the latter track and injured.   There was testimony that plaintiff, after getting off the car, before starting to cross the track on which the north-bound car was approaching, looked to see whether a car was coming.   The plaintiff claimed that he could have seen the approaching car in time to have saved himself from injury but for its excessive speed :—

*Held*, that the question of contributory negligence on the testimony was a question for the jury.

(2) *Damages.*

Eight thousand dollars damages to a plaintiff twenty-seven years of age, earning at the time of the accident $10 a month and his board and since such accident $1 a day, is not so clearly excessive for an injury from the effects of which plaintiff lost a leg as to warrant the interference of the court.

TRESPASS ON THE CASE for negligence.   Plaintiff alighted from a south-bound car of defendant on which he was a passenger, and, passing around the rear of the car on the south-bound track onto the north-bound track, was run over by a car upon the latter track and suffered the loss of one of his legs.   He was earning $10 a month and board.   After the injury he received one dollar a day as wages.   Heard on petition of defendant for new trial, and new trial denied.

(1)   PER CURIAM.   The issue argued on the petition for a new trial was the question of contributory negligence.   There is testimony that the plaintiff, after getting off the car and before starting to cross the track on which the north-bound car was approaching, looked to see whether a car was coming. The claim on the part of the plaintiff is that as the car from which he alighted moved away the angle of vision was sufficiently great to enable him to see far enough along the track in the direction of the approaching car to have seen it in time to have saved himself from injury but for the negligence of the motorman in running the car at an excessive speed.   We think that on the testimony the question of contributory negligence was for the jury, and that their finding is sustained by the evidence.

(2)   The defendant contends that the damages awarded were excessive.   Though we should have been better satisfied if the amount awarded had been less, it is not so clearly excessive as to justify our interference on that ground.   Sedg. on Damages, 601, 602.   *McGowan* v. *Interstate Con. St. Ry. Co.*, 20 R. I. 264.

The case is remitted to the Common Pleas Division, with direction to enter judgment on the verdict.

*Bassett & Mitchell*, for plaintiff.
*David S. Baker*, for defendant.